IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID LOPEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:12-CV-031 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO
DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is petitioner DAVID LOPEZ'S Petition for a Writ of Habeas Corpus by a Person in State Custody. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief be DISMISSED.

I.
PETITIONER'S CLAIMS

*A. Allegations*

According to the Online Offender Database maintained by the Texas Department of Criminal Justice (TDCJ), petitioner David Lopez is presently incarcerated at the Clements Unit pursuant to a 2004 conviction for evading arrest and the resulting ten-year sentence. By his habeas corpus petition, Lopez does not challenge his evading arrest conviction or any specific disciplinary hearing. Rather, in his sole ground or error, Lopez appears to allege his permanent confinement in administrative segregation based upon nothing more than his affiliation with a prison gang violates several of his constitutional rights.

Petitioner states that on September 22, 2009, he was confirmed as being part of the Mexican Mafia, an organization considered by the TDCJ to be a Security Threat Group (STG), i.e., a prison gang. (Habeas Corpus Petition, filed Feb. 3, 2012, doc. 3, pgs. 12-13). This classification, petitioner contends, was the result of TDCJ officials discovering personal property of petitioner in the form of Mexican Mafia pictures, drawings, letters, letters written in code, the cipher for the coded letters, a list of gang members' names, and the gang constitution. ("Memorandum of Law," filed Feb. 3, 2012, doc. 3-1, pgs. 3, 5). After discovery of these materials, petitioner received a ten-day-long due process hearing, which petitioner contends was meaningless and based upon questionable evidence. (*Id.*, pg. 12). Petitioner represents the periodic reviews of his STG status are likewise essentially meaningless.

Petitioner states after TDCJ determined he was part of a STG, he was placed in permanent administrative segregation, which resulted not only in isolation and restriction of normal prison activities but also resulted in denial of access to rehabilitative, educational, general, and vocational programs; denial of the ability to earn work credits; and reduction in good-time-credit-earning status. (*Id.*, pgs. 9, 13). Additionally, petitioner states, his STG classification will be made known to law enforcement agencies outside of the TDCJ system. The only way petitioner can be released from permanent segregation is through his participation in the GRAD Program, whereby, petitioner avers, he would be compelled to "snitch" on fellow inmates, which he refuses to do. (Habeas Corpus Petition, doc. 3, pg. 16). All this, petitioner states, is based upon nothing more than his mere affiliation with a prison gang, which petitioner casts in the light of a "group of people with same or simular [sic] political beliefs," and is not based on any actual wrongdoing. ("Memorandum of Law," doc. 3-1, pg. 4). Petitioner requests the Court order TDCJ to adopt all rules and regulations of the Federal Bureau of Prisons and order his immediate release from administrative segregation.

*B. Petitioner's Claim is not Cognizable*

This Court may grant habeas corpus relief only when a petitioner shows he "is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). A federal writ of habeas corpus is the appropriate remedy only when a petitioner is challenging his confinement. *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.E.2d 439 (1973)). "The core issue in determining whether a prisoner must pursue [§ 2254] habeas corpus relief rather than a [42 U.S.C. § 1983] civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, or procedures affecting 'conditions' of confinement." *Id.* (citing *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987)). "If a 'favorable determination . . . would not automatically entitle [the prisoner] to accelerated release,' the proper vehicle is a § 1983 suit." *Carson v. Johnson*, 112 F.3d 818, 820-821 (5th Cir. 1997).

Release from administrative segregation, even though it is a form of release, is not a cognizable habeas corpus remedy. The Fifth Circuit has adopted a bright-line test that if a favorable determination would not accelerate a prisoner's *ultimate* release from confinement, the prisoner should bring his claims in a § 1983 suit. *Carson*, 112 F.3d at 820-821. In *Carson*, as in the case at bar, a prisoner brought a habeas corpus petition challenging his confinement in administrative segregation. *Id.* at 819. The district court held the complaint was properly characterized as a civil rights suit under § 1983 and dismissed the case. *Id.* The Fifth Circuit affirmed the district court's determination, holding that because a favorable determination would not automatically entitle the prisoner to accelerated release, the suit was properly characterized as a § 1983 claim. *Id.* at 821. This is so even if the prisoner is not accruing good-time credits as quickly as inmates in the general population. *Id.* (citing *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 167 (5th Cir. 1994)).

Petitioner Lopez is not challenging the fact of his overall confinement. Instead, he is challenging a condition he faces in confinement. *See id.* If the Court were to order TDCJ to remove petitioner's STG classification and immediately release petitioner from administrative segregation, petitioner's length of incarceration in the TDCJ system as a result of his evading arrest conviction would remain unchanged. Even if petitioner was able to accrue good-time credits more quickly, any impact of the faster accrual of such credits would only have an indirect impact on petitioner's ultimate release date. *See id.* Because a favorable determination would not automatically entitle petitioner to accelerated release, petitioner's claims are proper only in a § 1983 complaint. *See id.* They are not properly brought in a § 2254 habeas corpus petition. *See id.*

## II.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner DAVID LOPEZ be DISMISSED.

## III.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 16th day of February, 2012.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).