IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID LOPEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:12-CV-031 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## SUPPLEMENT TO FEBRUARY 16, 2012 REPORT AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is petitioner DAVID LOPEZ'S Amended Petition for a Writ of Habeas Corpus by a Person in State Custody. On February 16, 2012, the Court issued a "Report and Recommendation to Dismiss Petition for Writ of Habeas Corpus." On March 7, 2012, petitioner filed a "Motion Requesting Permission to Amend," which this Court has ruled on in a separate order. This Supplemental Report and Recommendation is to address the issues raised after the amendment. Even after the amendment, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief be DISMISSED.

I.
PETITIONER'S CLAIMS

*A. Repeated Allegations*

Petitioner Lopez is presently incarcerated at the Clements Unit pursuant to a 2004 conviction for evading arrest and the resulting ten-year sentence. In the amended petition, petitioner again

complains of the conditions in administrative segregation. As recited in the Court's February 16, 2012 Report and Recommendation, challenges to conditions of confinement are not cognizable in habeas corpus. The Court suspects this recommendation came as no surprise to petitioner, as petitioner had actually filed a 42 U.S.C. § 1983 complaint with the Court prior to initiating the proceedings in this case. *See Lopez v. Adams*, 2:11-CV-040, "Order Denying Pauper Status and Order of Dismissal," doc. 38, filed Dec. 5, 2011. In the section 1983 complaint, petitioner challenged several of the same conditions of administrative segregation that he now challenges in the instant habeas corpus case. *See id.* The section 1983 case was dismissed by the Court in December 2011 because petitioner had "three strikes" under 28 U.S.C. § 1915(g) for prior frivolous filings. Less than two months later, petitioner initiated the instant habeas corpus proceedings, in which petitioner has presented (in both the original and amended petitions) several of the same claims he unsuccessfully presented in the section 1983 proceedings.

If petitioner is attempting to circumvent the strictures of 28 U.S.C. § 1915(g) by having these claims heard in habeas corpus, he is abusing the Court's time and resources. Petitioner appears to understand that challenges to the conditions in administrative segregation and confinement in administrative segregation itself are issues for a section 1983 complaint and are inappropriate in a habeas corpus petition because he first presented several of these claims in a section 1983 suit. In its February 16, 2012 Report and Recommendation, the Court set forth why such challenges are not cognizable in habeas corpus. Therefore, to the extent issues regarding confinement in and conditions of administrative segregation were raised in the amended petition and in the original petition, the Court rests on the reasoning and conclusions set forth in the February 16, 2012 Report and Recommendation to dismiss such claims.

In the new allegations presented for the first time in the amended petition, petitioner Lopez appears to allege the Parole Board has improperly refused to release him. Petitioner's argument appears to be two-fold: first, the denial of release on parole is based on an improper Security Threat Group (STG) classification, and, second, the Board's refusal to release petitioner on mandatory supervised release is improperly based on petitioner's criminal history.

### B. *Denial of Parole Based on STG Classifiction*

According to petitioner, the Texas Department of Criminal Justice (TDCJ) has classified him as being a member of the Mexican Mafia, which is considered by TDCJ to be a STG, i.e. a gang. Petitioner does not contend he is not a part of the Mexican Mafia. To the contrary, petitioner's pleadings seem to indicate that he is, in fact, a member of the gang. Rather, petitioner's argument is that TDCJ should not classify (and subsequently impose certain conditions upon) inmates (and specifically petitioner) according to gang affiliation. Petitioner contends his own classification as a STG member and resulting parole denial is a violation of the Due Process Clause.

It is difficult to determine, from the amended habeas corpus petition, whether petitioner challenges the Parole Board's general policy of taking into consideration whether a prisoner has a STG classification in making its parole determination or whether he challenges the Parole Board's specific determination in his case. If petitioner challenges the Parole Board's policy of considering STG classification in rendering its parole release determinations, such a claim is proper in a 42 U.S.C. § 1983 complaint, not in a habeas corpus petition. *See Wilkinson v. Dotson*, 544 U.S. 74, 82, 125 S.Ct. 1242, 1248, 161 L.Ed.2d 253 (2005). It appears petitioner also seeks to challenge specific determinations of the Parole Board in his case, as he references such determinations rendered on October 27, 2010 and September 6, 2011. These contentions are cognizable in habeas corpus. *See*

*Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) (holding "[s]ection 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement. However, when a prisoner challenges the result of a single defective parole hearing, that claim must be pursued by writ of habeas corpus.").

Petitioner contends his due process rights were violated by the Parole Board's reliance upon his STG classification in denying him parole. First and foremost, the Court notes petitioner indicates he was first denied parole based in part upon his STG classification on October 27, 2010. Pursuant to federal statute, petitioner had one year after that denial (when he first knew of the Board's offensive conduct) to file any federal habeas corpus petition challenging the Parole Board's determination. *See* 28 U.S.C. § 2244(d)(1)(A). He did not, however, file the instant petition until January 2012, which was long after the expiration of the deadline. *See id.* Consequently, the Court should dismiss this ground of error as time barred. *See id.*

Assuming the petition was timely filed, it is conclusory and insufficient to state a viable argument. Even liberally reading the petition to create some kind of argument for petitioner, any claim about a parole determination violating the Due Process Clause is not well-founded in federal court. The Due Process Clause is invoked only where state procedures imperil a protected liberty or property interest. *See Olim v. Wakinekona*, 461 U.S. 238, 250-51, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Texas law does not create a liberty interest in parole that is protected by the Due Process Clause, and Texas prisoners have no constitutional expectancy of release on parole. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). It is "axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive)

Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

Because petitioner has no constitutional right to be released on parole, his habeas corpus claim must fail. *See Madison*, 104 F.3d at 768. If the Court were to order the Parole Board to re-evaluate petitioner's parole eligibility, without giving any consideration whatsoever to his participation in the Mexican Mafia, petitioner's release would remain speculative. The Parole Board could release petitioner, or it could once again deny parole. That determination is solely at the discretion of the Parole Board, and this Court will not interfere with the Parole Board's discretionary determinations. *See Tarlton v. Clark*, 441 F.2d 384, 385 (5th Cir. 1971) (holding "it is not the function of the courts to review the discretion of the [Parole] Board in the denial of application for parole"). Without direct Court intervention, petitioner would only be able to hope that, upon such re-evaluation, the Parole Board would release him. Such a speculative "hope" is not protected by the Due Process Clause and is outside the bounds of federal habeas corpus. *Johnson*, 110 F.3d at 308 (5th Cir. 1997).

Additionally, the Court notes that, according to petitioner, the Parole Board has refused to release him based upon reasons 1D, 3D, and 5D. According to the TDCJ Parole Board, denial based on 1D means:

> The record indicates that the inmate has repeatedly committed criminal episodes or has a pattern of similar offenses that indicates a predisposition to commit criminal acts upon release; or the record indicates that the inmate is a leader or active participant in gang or organized criminal activity; or the record indicates a juvenile or adult arrest for felony or misdemeanor offenses.

Texas Board of Pardons and Paroles, Board Directive # 08-03.08, passed March 21, 2008, pg. 3, § 1D (superseding BPP-DIR 01-02.01). Denial based on reason 3D means, "The record indicates excessive drug or alcohol involvement that includes possession, use or delivery in the instant offense or criminal history." *Id.* § 3D. Denial based on reason 5D means, "The record indicates unsuccessful

periods of supervision on previous probation, parole, or mandatory supervision that resulted in incarceration, including parole-in-absentia." *Id.* § 5D.

Even if petitioner is correct in that his STG classification is preventing his release on parole, he fails to recognize that other factors apart from his STG classification, i.e. his involvement with alcohol and/or drugs and his history of unsuccessful releases, are also preventing his release. Thus, even if the Court were to order the Parole Board to re-evaluate petitioner's parole eligibility without giving any consideration to the STG classification, it appears petitioner would nevertheless remain unable to obtain release on parole. His history with excessive drug or alcohol involvement and his prior unsuccessful periods of release with supervision are not in dispute, and there is no reason to conclude these serious criteria would not still apply with equal force to his next review. The Parole Board only needs one reason to deny parole, and petitioner's history gives it two even without any STG consideration. *See* Texas Board of Pardons and Paroles, Board Directive # 08-03.08, passed March 21, 2008, pg. 1. Petitioner's contention regarding the Parole Board's refusal to release him on parole is not only time barred but is meritless.

### *B. Denial of Mandatory Supervised Release Based on Criminal History*

Petitioner additionally appears to contend the Parole Board is incorrectly denying him mandatory supervised release (msr). While petitioner does not provide details of any of his state convictions, the TDCJ Online Offender Database indicates that in 1991 petitioner received a conviction for a 1990 offense of aggravated assault with a deadly weapon. Petitioner indicates he has since discharged the resulting seven-year sentence for that conviction. Petitioner contends his msr ineligibility should not be based upon a discharged conviction. In the same vein, petitioner also avers that because the aggravated assault conviction has already been used to enhance the sentence on the current evading arrest conviction, it should not again be used to deny him mandatory supervised

release eligibility. Petitioner does not appear to challenge the Parole Board's application of the mandatory supervised release statute, rather he appears to challenge the very mandates of the statute.

The threshold issue for the Court is, again, whether petitioner's claim is timely. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner fails to indicate the date on which he discovered he was msr ineligible. Petitioner was convicted, however, in 2004, and it seems unlikely petitioner learned of his msr ineligibility only in January 2011 (one year before the date on which the original habeas corpus petition was filed). Petitioner has failed to demonstrate the petition is timely filed. *See id.*

If the petition were timely, the next main consideration for the Court would be whether any constitutional interest is implicated by the contested msr statute. While the Constitution does not guarantee any right to msr, a state statutory scheme may create such a right. *Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). Under Texas law, "[e]ligibility for mandatory supervision is governed by the law in effect at the time the offense was committed." *Ex Parte Keller*, 173 S.W.3d 492, 495 (Tex. Crim. App. 2005). In evaluating this provision, the Fifth Circuit has determined Texas's msr statute does create a constitutional right so that a prisoner *to whom the provision applies* may launch a due process challenge in federal habeas corpus to the Parole Board's denial of msr. *Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007).

The problem petitioner encounters, however, is that the provision, and the constitutional protection attached thereto, does not apply to him. Petitioner's holding offense is his evading arrest conviction, which the TDCJ Online Offender Database indicates was committed in January 2004. The law governing mandatory supervision in effect at that time established, in part: "An inmate may not be released to mandatory supervision if the inmate is serving a sentence for *or has been previously convicted of* . . . a first degree felony or a second degree felony under Section 22.02 Penal

Code." Tex. Gov't Code Ann. art. 508.149(a)(7) (Vernon 1998) (emphasis added). In 2004, section 22.02 of the Texas Penal Code prohibited aggravated assault. Tex. Pen. Code Ann. § 22.02(a)(2) (Vernon 2003). The statute mandated that such an offense was either a second or third degree felony. *Id.* § 22.02(b). In 2004, when he evaded arrest, petitioner had been previously convicted of aggravated assault as defined by section 22.02 of the Texas Penal Code. His prior actions therefore placed petitioner outside the purview and guarantees of the Texas msr statute.

The State of Texas controls the drafting of its state laws, and the Texas Legislature's determination to not extend the right of msr to people, like petitioner, who have committed aggravated assault was within the legislature's discretion. Put another way, the Texas Legislature made the determination to not extend to people who have committed aggravated assault any constitutional expectancy of msr. Outside of the msr statute, petitioner has no constitutional right to early release on msr. *See Wolff*, 418 U.S. at 557, 94 S.Ct. at 2975. Federal habeas corpus deals only with potential violations of federal constitutional rights. Texas statute does create a liberty interest in mandatory supervised release, but it does so only for certain prisoners. Petitioner is not one of those prisoners and therefore cannot bring a due process challenge relating to the statute in a federal habeas corpus petition. *See id.*

Petitioner may be attempting to make a constitutional claim to the extent he argues the Parole Board's refusal to release him on msr violates the Double Jeopardy Clause. The Double Jeopardy Clause is implicated when a person is punished multiple times for the same offense. This is not to say the Clause is violated by the collateral consequences of a criminal conviction. To the contrary, collateral consequences of a criminal history are well-recognized and constitutionally sound as long as the prior conviction is not an element of the subsequent crime. *Sudds v. Maggio*, 696 F.2d 415,

417 (5th Cir. 1983) (holding the use of a prior conviction for enhancement purposes does not violate the Double Jeopardy Clause). The use of petitioner's aggravated assault conviction to increase his punishment in the evading arrest conviction did not violate the Constitution. *See id.* Additionally, as discussed above, the determination to exclude people with an aggravated assault conviction from msr eligibility was within the discretion of the Texas Legislature. There is no federal constitutional right implicated by the legislature's decision. *See Wolff*, 418 U.S. at 557, 94 S.Ct. at 2975. Petitioner's second ground of error is time barred and meritless.

## II.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner DAVID LOPEZ be DISMISSED.

## III.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 26th day of March, 2012.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).